**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| LSC WIND DOWN, LLC, *et al.*,[1] | ) | Case No. 17-10124 (KBO) |
| Debtors. | ) | (Jointly Administered) |
| UMB BANK, N.A., as Plan Trustee of The Limited Creditors' Liquidating Trust, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Proc. No. 19-50272 (KBO) |
| SUN CAPITAL PARTNERS V, LP, SUN MOD FASHIONS IV, LLC, SUN MOD FASHIONS V, LLC, and H.I.G. SUN PARTNERS, LLC, | ) | |
| Defendants. | ) | |

**<u>OPINION</u>**[2]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Defendants[3] move to dismiss ("<u>Motion to Dismiss</u>")[4] as untimely the complaint (the "<u>Complaint</u>")[5] filed by UMB Bank, N.A., as Plan Trustee of the Limited

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: LSC Wind Down, LLC f/k/a Limited Stores Company, LLC (6463); LS Wind Down, LLC f/k/a Limited Stores, LLC (0165); and TLSGC Wind Down, LLC f/k/a The Limited Stores GC, LLC (6094).

[2] This Opinion constitutes the Court's findings of fact and conclusions of law as required under Rule 7052 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157(a). Unless otherwise indicated, all docket references are to the dockets maintained by this Court.

[3] Sun Capital Partners V, LP, Sun Mod Fashions IV, LLC, Sun Mod Fashions V, and H.I.G Sun Partners Inc. (collectively, the "<u>Defendants</u>").

[4] *See Defs.' Joint Rule 12(b)(6) Mot. to Dismiss and Inc. Mem. of Law in Supp.*, No. 19-80074, D.I. 21 (S.D. Fla. Mar. 18, 2019).

[5] *See Original Compl.*, No. 19-80074, D.I. 1 (S.D. Fla. Jan. 17, 2019).

Creditors' Liquidating Trust (the "Plaintiff"), seeking to avoid and recover an alleged $42 million fraudulent transfer (the "Transfer") made to the Defendants on December 20, 2011 by debtor LS Wind Down, LLC. As set forth below, because the Court finds that it is not apparent from the facts alleged in the Complaint that the Plaintiff's action is time-barred, it will deny the relief requested by the Defendants in the Motion to Dismiss.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On January 17, 2017 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. On December 20, 2017, the Court confirmed the Debtors' joint plan of liquidation (the "Plan").[6] The Plan created the Limited Creditors' Liquidating Trust and appointed the Plaintiff as Plan Trustee to, among other things, prosecute certain retained causes of action, including those asserted in this proceeding, as the representative of the Debtors' estates pursuant to section 1123(b)(3) of the Bankruptcy Code.[7]

On January 17, 2019 (the "Commencement Date"), the Plaintiff commenced this proceeding against the Defendants in the United States District Court for the Southern District of Florida, seeking to avoid and recover the Transfer pursuant to sections 544(b)(1) and 550 of the Bankruptcy Code and "other applicable law, including the Uniform Fraudulent Transfer Act as adopted by Ohio . . . and/or by Florida . . . ."[8]

The Defendants filed the Motion to Dismiss and also moved to transfer venue to this Court. On June 12, 2019, the Florida District Court granted the Defendants' venue transfer request,[9] and the issues raised in the Motion to Dismiss were left for this Court's consideration. The Motion to Dismiss has been fully briefed, the Court heard oral argument on the issues on October 8, 2019, and the matter is ripe for decision.

## II. SUMMARY OF THE PARTIES' POSITIONS

The Commencement Date of this proceeding is the second anniversary of the Petition Date and a little over seven years after the Transfer. The Defendants ask the Court to dismiss the Complaint as they assert that its timing was well beyond the prescribed time period set forth by

---

[6] *See Findings of Fact, Conclusions of Law and Order Confirming the Second Modified Joint Chapter 11 Plan of Liquidation of LSC Wind Down, LLC f/k/a Limited Stores Company, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, No. 17-10124, D.I. 713.

[7] *See generally Second Modified Joint Chapter 11 Plan of Liquidation of LSC Wind Down, LLC f/k/a Limited Stores Company, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, No. 17-10124, D.I. 700, Art. VI § 6.1.

[8] *Compl.* ¶¶ 68, 73.

[9] *See Order Granting Defs.' Mot. to Transfer Venue*, No. 19-80074, D.I. 34 (S.D. Fla. Jun. 12, 2019).

Florida state law, which the Defendants urge this Court to apply.[10] More specifically, they cite section 726.110(1) of the Florida Uniform Fraudulent Transfer Act ("FUFTA"), which sets forth a statute of repose requiring fraudulent transfer claims to be brought "within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]"[11] The parties refer to this latter timeframe as a "one-year savings clause."

There is no dispute that the Complaint was filed more than four years after the Transfer. Therefore, according to the Defendants, for the Complaint to be timely, it must have been filed within FUFTA's one-year savings clause. However, the Defendants assert that it was not because the Plaintiff, as Plan Trustee, had notice of the Transfer more than one year prior to the Commencement Date through its access to the Debtors' books and records and public news reports. Moreover, as a statute of repose, the Defendants argue that FUFTA's one-year savings clause was not (and could never have been) tolled and thus the Plaintiff's claims were extinguished prior to the Commencement Date.

In response, the Plaintiff argues that the Motion to Dismiss "manifests a fundamental misunderstanding" of section 544(b)(1) claims and related statute of limitation issues.[12] Namely, the Plaintiff asserts that the Defendants "analyze[] the wrong 'who' and 'when'" necessary for a statute of limitations analysis because the Complaint's timeliness under a one-year savings clause is not reliant on the Plaintiff's knowledge but rather that of the Debtors' creditors.[13] More specifically, because it has stepped into the shoes of the Debtors' creditors to avoid the Transfer under section 544(b)(1), the Plaintiff argues that so long as one such creditor was entitled as of the Petition Date to assert a claim against the Defendants under the Uniform Fraudulent Transfer Act ("UFTA") (as adopted by any state) – a so-called "Predicate Creditor" – then it may do so on or before two years after the Petition Date pursuant to section 546(a)(1)(A). Here, the Plaintiff argues that the Motion to Dismiss must be denied because the Complaint was filed on the second anniversary of the Petition Date, the Complaint sufficiently alleges the existence of numerous Predicate Creditors under the one-year savings clause prescribed by UFTA as adopted by, among others, Florida and Ohio,[14] and the allegations within the Complaint's four corners do not establish that every creditor of the Debtors was time barred from bringing a state law avoidance claim against the Defendants as of the Petition Date.

---

[10] As noted by the Defendants, the Plaintiff alleges in the Complaint that the Defendants have their principal place of business located in Florida and have continuous and systematic contacts with Florida. The Plaintiff also alleges that a substantial part of the events giving rise to the Plaintiff's claims occurred in Florida.

[11] FLA. STAT. ANN. § 726.110 (2019).

[12] *Pl.'s Opp. to Joint Rule 12(b)(6) Mot. to Dismiss and Mem. of Law in Supp.*, No. 19 -80074, D.I. 29 at 1 (S.D. Fla. Apr. 15, 2019).

[13] *Id.*

[14] The Plaintiff argues that Ohio law, rather than Florida law, may apply to its fraudulent transfer claim but that such a determination is irrelevant to the matter before the Court and would be premature. For reasons discussed herein, the Court agrees.

## III. APPLICABLE LEGAL STANDARD

Under Federal Rule 8(a)(2), made applicable to this proceeding pursuant to Bankruptcy Rule 7008, pleadings must contain a short and plain statement of a claim showing that the pleader is entitled to relief. While generally the factual statements alleged in a pleading are not required to be detailed,[15] a pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[16] Thus, a complaint that tenders "naked assertions devoid of further factual enhancement[,] . . . labels and conclusions, or formulaic recitations of the elements of a cause of action will not do."[17]

When reviewing a motion to dismiss under Federal Rule 12(b)(6), a court must accept as true sufficiently pled factual allegations within the complaint and determine whether the claim to relief is plausible on its face.[18] However, "the tenet that a court must accept as true all factual allegations contained in a complaint is inapplicable to legal conclusions."[19] Thus, threadbare recitals of a cause of action that are only supported by conclusory statements will not suffice.[20]

The defendant bears the burden to show that the plaintiff's claims are not plausible.[21] A claim is facially plausible when the plaintiff pleads facts that lead the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged."[22] The United States Court of Appeals for the Third Circuit in *Burtch v. Milberg Factors, Inc.* prescribed a three-step process for courts to determine the sufficiency of a complaint - first, note the elements of the claim; second, identify the allegations that are conclusory and thus not entitled to an assumption of truth; and third, assume the veracity of well-pleaded factual allegations and determine the plausibility of the plaintiff's entitlement to relief.[23]

While a court may draw from "judicial experience and common sense" in considering a motion to dismiss,[24] it must only consider alleged facts that are within the scope of the court's review.[25] The scope of what is reviewable includes the complaint, public record, and documents that are "integral to or explicitly relied upon" by a plaintiff, such as documents attached to a

---

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007).

[17] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *Twombly*, 550 U.S. at 555.

[18] *Iqbal*, 556 U.S. at 678.

[19] *Id.*

[20] *Id.*

[21] *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).

[22] *Iqbal*, 556 U.S. at 678.

[23] *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

[24] *Iqbal*, 556 U.S. at 679.

[25] *Davis*, 824 F.3d at 341; *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *S. Cross Overseas Agencies, Inc. v. Wah Kong Shipping Grp., Ltd.*, 181 F.3d 410, 429 (3d Cir. 1999).

complaint and any undisputedly authentic documents upon which the claims are based.[26]

## IV. LEGAL DISCUSSION

As highlighted by the Plaintiff, two provisions of the Bankruptcy Code provide the framework for the Court's determination of the Complaint's timeliness – namely, sections 544(b)(1) and 546(a). Section 544(b)(1) serves as a "vehicle" through which a trustee appointed under the Bankruptcy Code or, in the absence of such a trustee, a debtor-in-possession or estate representative may, among other things, recover fraudulently transferred assets of a debtor under a state's fraudulent conveyance laws.[27] It provides that:

> The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of [the Bankruptcy Code] or that is not allowable under section 502(e) of [the Bankruptcy Code].[28]

This strong-arm provision permits a trustee or debtor-in-possession to step into the shoes of a debtor's unsecured creditor holding a state law avoidance claim and pursue such claim "on behalf of the bankruptcy estate . . . for the benefit of the creditors."[29] If there exists no such creditor, a trustee or debtor-in-possession may not act under section 544(b)(1). Moreover, "section 544(b)(1) confers . . . no greater rights of avoidance than the creditor would have if the creditor were asserting invalidity on its own behalf. Consequently, if the creditor is . . . barred from recovery because of the running of a statute of limitations prior to the commencement of the case, the trustee is likewise . . . barred."[30]

Section 546(a) specifies the time by which a section 544(b)(1) claim must be brought, providing in relevant part that:

> An action or proceeding under section 544 . . . [of the Bankruptcy Code] may not be commenced after the earlier of – (1) the later of – (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of [the Bankruptcy Code] if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (2) the time the case is

---

[26] *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018); *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009); *Davis*, 824 F.3d at 341.

[27] *In re Truong*, 285 Fed. Appx. 837, 839 (3d Cir. 2008).

[28] 11 U.S.C. § 544(b)(1).

[29] *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.)*, 226 F.3d 237, 243-44 (3d Cir. 2000).

[30] 5 COLLIER ON BANKRUPTCY ¶ 544.06[3].

> closed or dismissed.[31]

Despite the Defendants' contrary assertions, so long as an underlying state law avoidance claim is not time-barred as of the commencement of a bankruptcy case, a section 544(b)(1) claim may be brought provided that it is commenced within the time periods prescribed by section 546(a).[32] This approach makes sense because it provides time for investigation and encourages value maximization:

> Section 546(a) in essence gives the trustee some breathing room to determine what claims to assert under § 544. Without this two-year period, a trustee who does not immediately determine what potential claims are available for the recovery of assets may forever be barred from asserting those claims if the statute of limitations expires early in the bankruptcy, or potentially before the trustee is even appointed. Such would contravene the broad powers of Congress has granted to the trustee under §§ 544, 547 and 548 of the Code to recover property for the benefit of the estate.[33]

Moreover, the timeframe set forth by section 546(a) is not altered if the state law avoidance claim is governed by a statute of repose rather than a statute of limitations.[34]

Here, the Plaintiff complied with section 546(a) as the Commencement Date is two years after the Petition Date in accordance with section 546(a)(1)(A). Accordingly, the Complaint will be timely if a Predicate Creditor existed as of the Petition Date. Ultimately, it is incumbent on the Plaintiff to demonstrate such existence. However, because the Court is considering the Defendants' timeliness defense pursuant to the Motion to Dismiss, it is premature for the Court to determine whether a Predicate Creditor existed as of the Petition Date. Rather, it must decide only whether the allegations in the Complaint show that the underlying fraudulent conveyance claim asserted by the Plaintiff was brought beyond the applicable statutory timeframe[35] – *i.e.* that there

---

[31] 11 U.S.C. § 546(a).

[32] *See, e.g., Sears Petroleum & Transp. Corp. v. Burgess Constr. Servs., Inc.*, 417 F. Supp. 2d 212, 225 (D. Mass. 2006); *Rosania v. Haligas (In re Dry Wall Supply, Inc.)*, 111 B.R. 933, 936 (D. Colo. 1990); *Schwab v. Huber (In re Keuhner)*, No. 5-11-00325, 2011 WL 6820389, at *1 (Bankr. M.D. Pa. Dec. 28, 2011); *Furr v. I.R.S. (In re Pharmacy Distrib. Servs., Inc.)*, 455 B.R. 817, 824-25 (Bankr. S.D. Fla. 2011); *Finkel v. Polichuk (In re Polichuk)*, No. 10-0031, 2010 WL 4878789, at *3 n.9 (Bankr. E.D. Pa. Nov. 23, 2010); *Bakst v. Lester (In re Amelung)*, No. 09-01719, 2010 WL 1417742, at *8 (Bankr. S.D. Fla. Apr. 7, 2010); *Orr v. Bernstein (In re Bernstein)*, 259 B.R. 555, 555-60 (Bankr. D.N.J. 2001)

[33] *Dry Wall Supply*, 111 B.R. at 936-37.

[34] *See, e.g., Polichuk*, No. 08-10783, 2010 WL 4878789, at *3 n.9 (noting that courts do not differentiate between a statute of limitations and a statute of repose when applying section 546(a) to a section 544(b)(1) claim).

[35] *Schmidt*, 770 F.3d at 249 (explaining that while generally a defendant pleads "an affirmative defense, like the statute of limitations defense, in the answer, not on a motion to dismiss[,]" a movant may raise a timeliness defense "by a Rule 12(b)(6) motion . . . if the time alleged in the statement of a claim shows that the cause of action has not been brought within" the statutory period).

were no creditors of the Debtors as of the Petition Date able to challenge the Transfer as fraudulent under UFTA and its one-year savings clause.

Following a review of the Complaint, the Court holds that the allegations therein do not indicate that the Plaintiff's claim is time-barred. Rather, they indicate the contrary. The Plaintiff alleges generally that "[t]here was at least one unsecured creditor of [debtor LS Wind Down, LLC] who could have avoided the Transfer as of the Petition Date" and more specifically identifies by name over 100 of such creditors.[36] The Plaintiff also alleges that these creditors did not know of and could not have reasonably known of the Transfer or its fraudulent nature prior to the Petition Date, thereby capturing the one-year savings clause under UFTA as applied by both Florida and Ohio law:

> The Predicate Creditors had not discovered and could not have reasonably discovered the existence or the fraudulent nature of the Transfer prior to one-year before the Petition Date. Specifically, there were no public announcements regarding the Transfer prior to the filing of the Petition Date, and the Predicate Creditors had no access to the company's books and records or any other information that would have disclosed either the existence or the fraudulent nature of the Transfer before January 17, 2016.[37]

Despite the Defendants' position that the Plaintiff failed to adequately plead a Predicate Creditor, the Court disagrees. Unlike the "generalized statement" pled by the plaintiff-trustee in support of its section 544(b)(1) claim in *In re Petters Co., Inc.*,[38] a case upon which the Defendants heavily rely, the Plaintiff has alleged by name numerous unsecured creditors whose standing it is using to pursue the Defendants and has explained why such creditors are governed by UFTA's one-year savings clause.[39] The allegations are not generic but rather allow the Defendants "[t]o structure and pursue their opposition to" the Plaintiff's standing, a concern of the court in *Petters*

---

[36] *Compl.* ¶ 66; Ex. A.

[37] *Id.* ¶ 67. The limitations period under Ohio UFTA is virtually identical to that of FUFTA. *See* OHIO REV. CODE § 1336.09(A). However, courts have held that discovery under Ohio UFTA's one-year savings clause is triggered "when the plaintiff reasonably could have discovered the transfer's fraudulent nature" whereas under FUFTA, discovery is triggered "from the date the transfer was discovered or could reasonably have been discovered." *Compare Bash v. Textron Fin. Corp. (In re Fair Fin. Co.)*, 834 F.3d 651, 672 (6th Cir. 2016), *with Nat'l Auto Serv. Ctrs. v. F/R 550*, LLC, 192 So. 3d 498, 505 (Fla. Dist. Ct. App. 2016).

[38] 495 B.R. 887, 896, 898 (Bankr. D. Minn. 2013) (quoting the plaintiff-trustee's Predicate Creditor allegations as follows: "At all times material hereto, there was and is at least one or more creditors who held and who hold unsecured claims against the Debtor that was and is allowable under Bankruptcy Code § 502 or that was and is not allowable only under Bankruptcy Code § 502(e). The Transfers are avoidable under applicable nonbankruptcy law by a creditor holding an unsecured claim in the bankruptcy case.").

[39] *See, e.g.*, *id.* at 901, 904 (requiring (1) the identification by name of at least one Predicate Creditor, (2) an allegation that the Predicate Creditor is entitled to pursue a claim under the one-year savings clause, and (3) specific facts that prevented the Predicate Creditor from obtaining knowledge and discovery).

when it found dismissal appropriate.[40] While the Defendants have also disputed the existence of any Predicate Creditors upon which the Plaintiff can rely, the issues they have raised are more appropriate for consideration by the Court on a motion for summary judgment.[41]

## V. CONCLUSION

Accordingly, for the foregoing reasons, the Court denies the relief requested in the Motion to Dismiss and will issue an appropriate order.

Dated: January 23, 2020

Karen B. Owens
United States Bankruptcy Judge

---

[40] *Id.* at 900 ("Specific fact-based avenues of defense turn on the identity of the predicate creditor and the nature of its past dealings with the relevant debtor."). Curiously, the Defendants argue that plaintiff "does not actually plead ***when*** and ***how*** any actual creditor discovered the existence of the [Transfer]." *Defs.' Reply in Supp. of its Rule 12(b)(6) Mot. to Dismiss*, No. 19-80074, D.I. 30 at 4 (S.D. Fla. Mar. 18, 2019). However, the Court fails to understand the relevancy of such information when the basis of Plaintiff's standing rests on the Predicate Creditors' lack of awareness of the Transfer and its fraudulent nature prior to one year before the Petition Date.

[41] For example, to support their position that creditors were provided notice of the Transfer and thus unable to assert an avoidance claim under the one-year savings clause as of the Petition Date, the Defendants point the Court to two alleged new articles dated shortly prior to the Petition Date as well as a solvency opinion offered prior to the Transfer by a financial advisory firm retained by several of the Debtors. Disregarding the fact that these documents are not appropriate for the Court to consider at this stage and that the articles appear to have been published significantly less than one year prior to the Petition Date, the extent of notice received by Plaintiff's alleged Predicate Creditors as a result of the articles and solvency opinion is at least one outstanding question of fact that cannot be properly answered by way of a motion to dismiss and in the absence of discovery.