

REID COLLINS & TSAI LLP
1601 Elm Street, Suite 4200
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.reidcollins.com

Eric D. Madden | Partner
Direct: 214.420.8901
emadden@reidcollins.com

March 19, 2020

Honorable Karen B. Owens
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

   Re: *UMB Bank, N.A. v. Sun Capital Partners V, LP*, Adv. No. 19-50272 (KBO)

Dear Judge Owens:

  Our firm represents Plaintiff UMB Bank, N.A., as Plan Trustee of The Limited Creditors' Liquidating Trust (the "Trustee"), in the above-referenced proceeding. We respectfully submit this letter brief regarding a dispute with Defendants Sun Capital Partners V, LP, Sun Mod Fashions IV, LLC, Sun Mod Fashions V, LLC, and H.I.G. Sun Partners, LLC (collectively, "Sun Capital") related to the proposed scheduling order.

## Background

  The Trustee seeks to avoid and recover a $42 million distribution (the "Transfer") paid to Sun Capital in December 2011, pursuant to 11 U.S.C. §§ 544(b) and 550. Specifically, the Trustee alleges that the Transfer constituted an actual fraudulent transfer under the Uniform Fraudulent Transfer Act ("UFTA") based on multiple badges of fraud, including that the Transfer: (a) was made to an insider; (b) was made shortly after the debtor incurred $35 million in additional debt; (c) was comprised of substantially all of the debtor's assets; (d) was made in exchange for no consideration; and (e) rendered the debtor hopelessly insolvent. The Trustee, moreover, alleges for purposes of section 544(b) that there were over 100 predicate creditors who could have avoided the Transfer on those grounds, and whose claims were not time-barred because they did not know, or have reason to know, about the Transfer prior to one year before the petition date.

  Sun Capital filed a motion to dismiss, arguing that the claims were time-barred and that the Trustee had failed to identify a predicate creditor. Sun Capital pressed this argument, even though the Trustee's complaint specifically identified over 100 predicate creditors. After dozens of pages in briefing and several months of delay, Sun Capital's argument was rejected by the Court in a ruling dated January 23, 2020.

Sun Capital then sought to resurrect this argument during the meet-and-confer process on a proposed scheduling order. The Trustee prepared a proposed scheduling order based, in large part, on standard forms available on the Court's website.[1] (Ex. A.) Sun Capital, however, refused to follow those forms, insisting that: (a) the Trustee had failed to identify a predicate creditor; and (b) the scheduling order should provide for bifurcated discovery—with all initial discovery and motion practice focused only on the predicate creditor element of the Trustee's claim. (Ex. B at 2-4.)

The Trustee, in response, explained that Sun Capital's bifurcation request: (a) is based on a misunderstanding of applicable law; (b) is highly unusual and dilatory; and (c) is wholly unnecessary. (Ex. B at 1-3.) In particular, the Trustee offered to narrow the list of predicate creditors as part of its initial disclosures and to agree to early depositions of those creditors. (*Id.*) "This approach," the Trustee explained, "will allow [Sun Capital] to explore whether to file an early summary judgment motion on the predicate creditor issue, without unnecessarily delaying the overall progress of this case, which has been pending for nearly 14 months already." (*Id.* at 3.) Sun Capital, however, rejected this reasonable (and standard) approach to discovery.

## Argument

### A. The Bifurcation Request Is Based on a Misunderstanding of Applicable Law.

Sun Capital's request for bifurcated discovery is based on a fundamental misunderstanding of applicable law. Specifically, Sun Capital fails to grasp two basic legal points: (1) predicate creditors need not have held a claim at the time of the Transfer (*i.e.*, future creditors may serve as predicate creditors); and (2) only a single predicate creditor is needed to avoid the Transfer. A proper understanding of these two points reveals that Sun Capital's bifurcation request does not make any practical sense.

First, Sun Capital mistakenly argues that only creditors with a claim at the time of the Transfer may serve as predicate creditors (Ex. B at 3), thereby hoping to constrict the list of predicate creditors. Sun Capital's argument ignores the statutory text, which is entitled "Transfers fraudulent as to present and <u>future</u> creditors." FLA. STAT. ANN. § 726.105 (emphasis added). The statute, in fact, expressly states that a transfer "is fraudulent as to a creditor <u>whether the creditor's claim arose before or after the transfer</u> was made." *Id.* § 726.105(1) (emphasis added). And courts apply this statute according to its plain terms. *See, e.g., In re 160 Royal Palm, LLC*, No. 18-19441-EPK, 2019 WL 989829, at *9 (Bankr. S.D. Fla. Feb. 26, 2019) ("For claims under section 726.105, the creditor need

---

[1] The Trustee's proposed order is modeled upon the forms used by Judges Sontchi, Dorsey, and Gross.

not have been a creditor at the time of the transfer as that provision includes both existing and future creditors . . . ."); *see also Giuliano v. Ferdinand (In re Liquid Holdings Group, Inc.)*, No. 17-50662 (KG), 2019 WL 3380820, at *3 (Bankr. D. Del. July 25, 2019) (holding that the Delaware UFTA does not require a predicate creditor to hold a claim at the time of the transfer). Thus, despite Sun Capital's mistaken argument,[2] the Trustee may rely on creditors with claims arising <u>after</u> the Transfer.

Second, Sun Capital misapprehends that only a single predicate creditor is needed to avoid the Transfer under 11 U.S.C. § 544(b). Because "section 544(b) of the Bankruptcy Code puts the [T]rustee in the shoes of each individual creditor who could have avoided the transfers under state law," the one-year discovery period for the Trustee began to run "when the <u>last</u> creditor could reasonably have discovered the fraudulent nature of a particular transfer." *Field v. Starr (In re Maui Indus. Loan & Fin. Co.)*, 454 B.R. 133, 138 (Bankr. D. Haw. 2011). In other words, Sun Capital will not be able to negate the existence of predicate creditors unless it can somehow prove that the discovery rule was triggered against <u>every single creditor</u> more than one year before the petition date. *See, e.g., Post-Confirmation Comm. for Small Loans, Inc. v. Martin*, No. 1:13-CV-195 (WLS), 2016 WL 1274127, at *8 (M.D. Ga. Mar. 31, 2016) ("[T]his Court must take into consideration whether all creditors of the Debtors were able to reasonably discover the alleged fraudulent nature of the . . . payments.").

Based upon these two fundamental legal points, Sun Capital faces very long odds in trying to negate the existence of a predicate creditor. Indeed, trying to prove that each and every one of the 100+ alleged predicate creditors knew or should have known about the Transfer is a fool's errand, not a reason for the highly unusual, inefficient, and dilatory bifurcation of discovery.

B.     **The Bifurcation Request Is Highly Unusual, Inefficient, and Dilatory.**

Bifurcated discovery is highly unusual. *See, e.g., SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 568 (D. Del. 2013) ("[B]ifurcation is 'the exception, not the rule.'"); *see also Wilson v. Quest Diagnostics, Inc.*, No. 18-11960 (WJM), 2019 WL 7560932, at *2 (D.N.J. Aug. 22, 2019) ("[B]ifurcation of discovery . . . is extremely rare."). That is because "bifurcation often delays cases and leads to serial motion practice." *Wilson*, 2019 WL 7560932, at *2.

---

[2] During the meet-and-confer process, Sun Capital mistakenly cited two cases involving New York law. (Ex. B at 3.) First, New York law does not apply here. Second, the two cases deal with section 273 of the New York Debtor & Creditor Law, an inapposite provision pertaining to claims that, unlike here, can only be brought by present creditors to avoid certain constructively fraudulent transfers. Third, the New York provision analogous to section 726.105(1)(a) of the Florida UFTA makes clear that transfers made with actual intent are fraudulent "as to both present and future creditors." N.Y. DEBT. & CRED. LAW § 276.

This Court should likewise decline to bifurcate discovery here. First, it is unfair. *See id.* at *4 ("The Court should not allow one side to pick one defense of its choosing, limit discovery to that issue, and then presumably try a summary judgment motion."). Second, it is inefficient and impractical. *See id.* ("[T]hat approach to case management would not only be unfair to plaintiff, it would wreak havoc on the docket, extending the resolution of cases for years.").[3] Third, it is unwarranted. As explained above, bifurcated discovery is unlikely to lead to a quicker resolution of this case. In any event, nothing precludes Sun Capital from seeking such a resolution under the Trustee's proposed scheduling order.

**C.     The Bifurcation Request Is Wholly Unnecessary.**

Sun Capital's request for bifurcated discovery is unnecessary. The Trustee has offered to narrow the list of predicate creditors as part of its initial disclosures and to agree to early depositions of those creditors. "This approach," as the Trustee explained in the meet-and-confer process, "will allow [Sun Capital] to explore whether to file an early summary judgment motion on the predicate creditor issue, without unnecessarily delaying the overall progress of this case, which has been pending for nearly 14 months already." (Ex. B at 3.) There is simply no need to bifurcate discovery.

## Conclusion

The Trustee requests that the Court enter its proposed scheduling order, which is attached hereto in clean and blackline forms as Exhibits C and D, respectively. Given the Court's general order dated March 16, 2020, the Trustee is willing for the Court to rule on this matter without a hearing. Alternatively, the Trustee's counsel is available to participate in telephonic hearing at the Court's convenience.

Very truly yours,

Eric D. Madden

cc:     All counsel of record

---

[3] Sun Capital's proposed scheduling order contemplates a stay of all deadlines until its summary judgment motion is decided. (Ex. B at 7.) Thus, the trial date and other deadlines in its proposed order are illusory. And once its motion is denied, "the case would just be starting and there would likely be subsequent rounds of dispositive motion practice – a completely impractical approach." *Wilson*, 2019 WL 7560932, at *4.