# **<u>EXHIBIT 1</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **LSC WIND DOWN, LLC,** *et al.*,[1] | Case No. 17-10124 (KBO) |
| Debtors. | (Jointly Administered) |
| **UMB BANK, N.A., as Plan Trustee of The Limited Creditors' Liquidating Trust,** | |
| Plaintiff, | Adversary Proceeding No. 19-50272 (KBO) |
| v. | |
| **SUN CAPITAL PARTNERS V, LP; SUN MOD FASHIONS IV, LLC; SUN MOD FASHIONS V, LLC; and HIG SUN PARTNERS, LLC,** | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order") is entered into between and among Plaintiff UMB Bank, N.A., not individually, but solely in its capacity as Plan Trustee of The Limited Creditors' Liquidating Trust and Defendants Sun Capital Partners V, LP, Sun MOD Fashions IV, LLC, Sun MOD Fashions V, LLC, and HIG Sun Partners, LLC (together, the "Parties," and each individually, a "Party"). The Parties are entering into this Protective Order to govern the production of documents and information between the Parties in connection with or relating to the above-captioned adversary proceeding (the "Adversary Proceeding").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are LSC Wind Down, LLC f/k/a Limited Stores Company, LLC (6463); LS Wind Down, LLC f/k/a Limited Stores, LLC (0165); and TLSGC Wind Down, LLC f/k/a The Limited Stores GC, LLC (6094).

1. This Protective Order shall apply to any information, document, or thing produced between or among the Parties and by any non-parties agreeing to be bound by the Order (the "Discovery Materials") in connection with or relating to the Adversary Proceeding. Discovery Materials shall also include, without limitation, testimony adduced at depositions; answers to interrogatories and requests for admission; documents and things produced pursuant to formal or informal document requests; and documents and things provided pursuant to subpoena. Discovery Materials shall include all information, filings, documents, and things relating in any way to the substance of the foregoing.

2. This Protective Order governs the production or provision of Discovery Materials as that term is defined in paragraph 1 and does not affect, amend, or modify any existing confidentiality agreements or protective orders applicable to the Parties, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

3. Discovery Materials, or information derived therefrom, shall be used solely in connection with the Adversary Proceeding, and shall not be used in any other proceeding or for any other purpose. For the avoidance of doubt, the terms of this Protective Order shall not affect or otherwise prejudice any Party's right to seek the Discovery Materials produced pursuant to this Protective Order in connection with any other litigation between the Parties or their employees, agents, or insurers, if and to the extent that such Party is entitled to seek discovery in any other such litigation.

**Designation of Discovery Materials as Confidential**

4. The Party providing Discovery Materials (the "Designating Party") may designate as "Confidential" any Discovery Materials produced or disclosed in the Adversary Proceeding (whether or not the Designating Party is the Party that produced or disclosed those Discovery

Materials) that the Designating Party in good faith believes meets the criteria in paragraph 5 below, provided that confidential information shall not include:

   a. information that was, prior to disclosure, rightfully in the possession of the Receiving Party (as defined in paragraph 9 below) and has not been designated as confidential pursuant to the terms of any other relevant or governing order;

   b. information that is publicly available in the same form in which it was provided by the Party producing or disclosing the information; and

   c. information that was, is, or becomes public knowledge, not in violation of this Protective Order.

5. Discovery Materials that a Designating Party may designate as "Confidential" are any Discovery Materials, or any portion thereof, that contain private personal information or proprietary business information, competitively sensitive information, information subject to protection under applicable law or regulation, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of the party's customers or clients ("Confidential Information").

6. Where practicable, the Designating Party shall designate Discovery Materials as Confidential by applying the legend "Confidential" to the Discovery Materials. In the case of data stored in electronic form, the legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic data is stored. Where the Designating Party was not the Party that produced or disclosed the Discovery Materials, the Designating Party shall designate Discovery Materials as Confidential by written notice to the other Parties.

**Designation of Discovery Materials as Attorneys' Eyes Only**

7. The Designating Party may designate as "Attorneys' Eyes Only" any Discovery Materials produced or disclosed in the Adversary Proceeding (whether or not the Designating Party is the Party that produced or disclosed those Discovery Materials) that the Designating Party in good faith believes meets the criteria in paragraph 8 below, provided that confidential information shall not include:

> a. information that was, prior to disclosure, rightfully in the possession of the AEO Receiving Party (as defined in paragraph 10 below) and has not been designated as confidential pursuant to the terms of any other relevant or governing order or court rules/proceedings;
>
> b. information that is publicly available in the same form in which it was provided by the Party producing or disclosing the information; and
>
> c. information that was, is, or becomes public knowledge, not in violation of this Protective Order.

8. A producing Party may designate Discovery Material as "Attorneys' Eyes Only" if the producing Party in good faith reasonably believes that the Discovery Material contains highly confidential, highly sensitive proprietary or commercial non-public information that is of such a nature that risk of competitive injury would be created if such Discovery Material was seen by others and therefore requires the highest level of protection provided in this Protective Order. For purposes of this Protective Order, Attorneys' Eyes Only Information may include, but is not limited to, non-public materials containing information related to: (i) trade secrets; (ii) special formulas; (iii) proprietary calculations, studies or analyses; (iv) identification of bank accounts; and (v) internal financial reports or plans that contain highly sensitive non-public information.

**Use of Confidential and Attorneys' Eyes Only Information**

  9. Confidential Information shall be maintained in confidence and shall not be shared by any Party that receives the Confidential Information (the "<u>Receiving Party</u>") with any person other than:

    a. the Receiving Party's counsel (including in-house and local counsel) participating in the Adversary Proceeding and any related litigation, and their legal, clerical, or support staff, including temporary or contract staff;

    b. the Receiving Party's present or former officers, directors, trustees, partners, or employees actually engaged in assisting in the Adversary Proceeding and then exclusively for purposes of assisting in the Adversary Proceeding;

    c. any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document, for purposes of assisting with the Adversary Proceeding;

    d. expert witnesses, financial advisers, or consultants who are employed or retained by the Receiving Party or its counsel in connection with the Adversary Proceeding, provided that counsel, in good faith, requires their assistance, provided, however, that such person will be bound by the terms of this Protective Order as if that person were a party, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation and treated as Confidential under the terms of this Protective Order;

    e. deponents and witnesses in the Adversary Proceeding, where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery;

    f. the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") and its personnel, subject to paragraph 11 below;

    g. stenographic reporters and their staffs, if any, who record testimony or argument in the Adversary Proceeding;

    h. any person not employed by the Parties but otherwise assisting counsel in the Adversary Proceeding in a non-legal capacity (including but not limited to graphic production services, litigation support services, consultants, or investigators employed by the Parties or their counsel to

5

        assist in the Adversary Proceeding), provided, however, that such person will be bound by the terms of this Protective Order as if that person were a party;

        i. any other person, with the express written authorization of the Designating Party.

10.     Attorneys' Eyes Only Information shall be maintained in confidence and shall not be shared by any Party that receives the Attorneys' Eyes Only Information (the "<u>AEO Receiving Party</u>") with any person other than:

    a. the AEO Receiving Party's counsel (including local counsel and in-house counsel that are not competitive decision makers for their respective client and/or employer) participating in the Adversary Proceeding and any related litigation, and their legal, clerical, or support staff, including temporary or contract staff;

    b. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

    c. expert witnesses, financial advisers, or consultants who are employed or retained by the AEO Receiving Party or its counsel in connection with the Adversary Proceeding, provided that counsel, in good faith, requires their assistance, and further provided that any report created by such expert or consultant relying on or incorporating Attorneys Eyes Only Information in whole or in part shall be designated as Attorneys' Eyes Only Information by the Party responsible for its creation and treated as Attorneys' Eyes Only under the terms of this Protective Order;

    d. the Bankruptcy Court and its personnel, subject to paragraph 11 below;

    j. stenographic reporters and their staffs, if any, who record testimony or argument in the Adversary Proceeding;

    e. any person not employed by the Parties but otherwise assisting counsel in the Adversary Proceeding in a non-legal capacity (including but not limited to graphic production services, litigation support services, consultants, or investigators employed by the Parties or their counsel to assist in the Adversary Proceeding), provided, however, that such person will be bound by the terms of this Protective Order as if that person were a party; and

    f. any other person, with the express written authorization of the Designating Party.

11. <u>Depositions</u>.  Any Party shall have the right to designate on the record, or within five (5) business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential or Attorneys' Eyes Only Information, subject to the guidelines established in paragraph 5 above. Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately.

12. <u>Non-Disclosure Declaration</u>. Counsel for a Receiving Party shall provide a copy of this Protective Order to a representative of any professional firm or individual who is retained in connection with the Adversary Proceeding (the "<u>Permitted Recipients</u>"), and the firm representative or individual, as the case may be, must execute a Non-Disclosure Declaration in the form annexed as <u>Exhibit A</u> hereto prior to the firm or individual receiving any Confidential Information.

13. <u>Filing of Confidential or Attorneys' Eyes Only Information</u>.  All Confidential or Attorneys' Eyes Only Information filed with the Bankruptcy Court or any other court with jurisdiction over the Adversary Proceeding, and all portions of pleadings, motions, or other papers filed with the Bankruptcy Court or any other court with jurisdiction over the Adversary Proceeding that disclose Confidential or Attorneys' Eyes Only Information, shall be filed under seal in accordance with Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  The party filing such documents under seal shall comply with all requirements set forth in Local Rule 9018-1(d) regarding filing under seal, including filing a motion for approval of the same.  A Party or non-party who designates information as Confidential or Attorneys' Eyes Only Information shall have

the burden of establishing that such information is entitled to protection under Bankruptcy Code § 107(b) or other applicable law or rule.

  14. <u>Disclosure Required by Law</u>.  In the event that a Receiving Party or a Permitted Recipient is required, by interrogatories, subpoena, civil investigative demand, demand from a regulatory body, or similar legal process or applicable law or regulation, to disclose any Confidential or Attorneys' Eyes Only Information, it is agreed that the Receiving Party or Permitted Recipient, if so entitled given the nature of the legal process, demand, or request at issue, will provide all of the Parties with prompt notice of such event so that one or more of the Parties may seek a protective order or other appropriate remedy or, with the consent of all of the Parties, waive compliance with the applicable provisions of this Protective Order. In the event that one or more of the Parties determines to seek such protective order or other remedy, the Receiving Party or Permitted Recipient shall reasonably cooperate with the Party seeking the protective order or other remedy, provided the terms of the relief sought by the applying Party will not narrow the scope of this Protective Order. In the event such protective order or other remedy is not obtained and disclosure of Confidential Information is required under law, or all of the Parties grant a waiver hereunder, the Receiving Party or Permitted Recipient, as the case may be, (i) may, without liability hereunder, furnish that portion (and only that portion) of the Confidential Information that the Receiving Party or Permitted Recipient is legally required to disclose, and (ii) will exercise its commercially reasonable efforts to have confidential treatment accorded to the Confidential Information so furnished. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order directing production of Confidential or Attorneys' Eyes Only Information covered by this Protective Order, or to subject

himself, herself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

15. <u>No Waiver</u>.  The failure to designate any Discovery Materials as Confidential or Attorneys' Eyes Only does not constitute a waiver of such claim.  If at any time any of the Parties determines or realizes that certain testimony or some portion of Discovery Materials that was previously produced should be designated as Confidential or Attorneys' Eyes Only Information, that Party may notify all of the other Parties in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential or Attorneys' Eyes Only Information under the terms of this Order, provided that the Party designating the Confidential or Attorneys' Eyes Only Information shall, at its cost, provide the other Parties with substitute copies, bearing the appropriate legend, of any such Discovery Materials. If such information has been disclosed by a Receiving Party or AEO Receiving Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential or Attorneys' Eyes Only Information, such disclosure does not constitute a violation of this Protective Order.

16. <u>Disputes over Designation of Discovery Materials</u>.  In the event that any Party objects to any designation of testimony or Discovery Materials as Confidential or Attorneys' Eyes Only Information (the "<u>Objecting Party</u>"), the Objecting Party shall notify the other Parties in writing, stating the grounds of the objection. The Parties shall have two (2) business days to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Bankruptcy Court on an expedited basis that such information should not be treated as Confidential or Attorneys' Eyes Only Information. No Confidential or Attorneys' Eyes Only Information shall be filed in the public record prior to such a determination by the Bankruptcy Court. The burden

shall be on the Designating Party or other party seeking to support the designation of the information as Confidential Information to justify the claim that the disputed material has been properly designated.

17.     <u>Disclosure in Court Proceedings</u>.  At the appropriate time, counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, or transcripts used in the course of any court proceedings, and in the event counsel cannot agree on such procedures, the question shall be submitted to the Bankruptcy Court for resolution.

18.     <u>No Bar Against Seeking Further Protection</u>.  Nothing in this Protective Order shall be construed as preventing any Party from seeking further protection from the Bankruptcy Court for any Discovery Material.

19.     <u>No Waiver of Privilege Due to Inadvertent Production of Privileged Materials</u>.  The inadvertent production of any privileged materials in the Adversary Proceeding will be without prejudice to any claim that such materials are privileged under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, and neither party will be held to have waived any claims or arguments in the event of such inadvertent production.

20.     If a Party believes that it inadvertently produced privileged material, the Party will notify in writing the recipient to whom the material was produced and the basis of the claim (the "<u>Privileged Material Notice</u>"). After receipt of a Privileged Material Notice, the Party to whom the privileged material was produced will promptly return, sequester, or destroy the privileged material, any copies it has in its possession, custody, or control, and any work product reflecting the contents of the privileged material. The Party to whom the privileged material was produced will not use or disclose the information until the claim is resolved, will take reasonable steps to retrieve the information if the party disclosed it to anyone else before being notified, and will notify

the disclosing party in writing whether it objects to the designation of such material as privileged or protected. If a party objects, the Parties shall meet and confer, and raise the issue with the Bankruptcy Court as necessary, as expeditiously as possible. While any such dispute is pending, the material at issue will be treated as privileged until the Bankruptcy Court rules.

21. Any request to compel production of the inadvertently produced privileged materials will not assert as a ground for seeking the production of such materials the fact or circumstance of the inadvertent production.

22. No Admission Regarding Admissibility or Relevancy. Nothing in this Protective Order shall be construed to affect in any way the admissibility or relevancy of any Discovery Material or other evidence.

23. No Warranty. Neither the Designating Party nor any of its representatives, officers, directors, employees or agents make any express or implied representation herein as to the accuracy or completeness of Discovery Material except as otherwise agreed in writing in any other documentation.

24. No Bar to Use of Party's Own Discovery Material. This Protective Order has no effect on, and shall not apply to, a producing Party's use or disclosure of its own Confidential or Attorneys' Eyes Only Information for any purposes whatsoever.

25. Binding Effect. The provisions of this Protective Order shall, absent written consent of all of the Parties or further order of the Bankruptcy Court, continue to be binding throughout the conclusion of the Adversary Proceeding and any related litigation, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of an entry of an order, judgment, or decree finally disposing of the Adversary Proceeding and any related litigation, including the exhaustion of all possible appeals and other review, and upon

receipt of a written request by a Designating Party, the Parties shall either (i) return all Confidential or Attorneys' Eyes Only Information and all copies thereof (including summaries and excerpts and including all such material provided by a Party to any other persons, whether or not in accordance herewith) to counsel for the Party that produced or disclosed such materials, or (ii) destroy or cause to be destroyed all Confidential or Attorneys' Eyes Only Information. As to documents that have been received electronically and that cannot be returned, deleted, or destroyed ("Electronically Stored Information"), the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Confidential or Attorneys' Eyes Only Information present on the recipient's computer, server, or any backup media. The Parties will, upon written request by any producing Party, acknowledge their return or destruction of all Confidential or Attorneys' Eyes Only Information by executing an affidavit certifying compliance with this paragraph of the Protective Order. The Parties' counsel shall make reasonable efforts to remove Electronically Stored Information from Parties' counsels' active systems, specifically, active email servers, active document management systems, and active litigation support databases. The Parties' counsel will not be required, however, to remove such Electronically Stored Information from any back up or disaster recovery systems, or from any other source which is not reasonably accessible because of undue burden or cost.

26.    Notwithstanding the foregoing, counsel to any Party shall be entitled to retain court papers, deposition and court transcripts, and attorney work product that refer to or relate to Confidential or Attorneys' Eyes Only Information. Additionally, the Parties shall be entitled to maintain Confidential or Attorneys' Eyes Only Information to the extent required by law or regulation (including regulations of a stock exchange or a self-regulatory body), or internal document retention policies.

27. <u>Governing Law</u>.  This Protective Order shall be governed by and interpreted under and in accordance with the laws of the State of Delaware.

28. <u>Survival of Termination</u>.  The terms of this Protective Order shall survive the termination of the Adversary Proceeding, whether by voluntary or involuntary dismissal, settlement, judgment, or otherwise and the Court shall retain jurisdiction to enforce the terms of this Protective Order.

29. <u>Continuing Jurisdiction</u>.  The Bankruptcy Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Protective Order upon appropriate motion by a party in interest.

30. <u>Additional Relief</u>.  Nothing herein shall prevent any Party or non-Party from seeking additional relief from the Court not specified in this Protective Order.

[*Signature Pages Follow*]

| | |
|---|---|
| Dated: September 17, 2020 | PACHULSKI STANG ZIEHL & JONES LLP |

*/s/ James E. O'Neill*
Bradford J. Sandler (Bar No. 4142)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P O Box 8705
Wilmington, DE 19899 (Courier 19801)
 (302) 652-4100 (T)
 (302) 652-4400 (F)
bsandler@pszjlaw.com
joneill@pszjlaw.com

-and-

Eric D. Madden (admitted *pro hac vice*)
Gregory S. Schwegmann (admitted *pro hac vice*)
Michael J. Yoder (admitted *pro hac vice*)
REID COLLINS & TSAI LLP
1601 Elm Street, Suite 4200
Dallas, TX 75201
(214) 420-8900 (T)
(214) 420-8909 (F)
emadden@reidcollins.com
gschwegmann@reidcollins.com
myoder@reidcollins.com

*Counsel to UMB Bank, N.A., as Plan Trustee of The Limited Creditors' Liquidating Trust*

*/s/ Matthew O. Talmo*
Robert J. Dehney (#3578)
John DiTomo (#4850)
Matthew O. Talmo (#6333)
MORRIS NICHOLS ARSHT
& TUNNELL LLP
1201 North Market Street, Suite 1600
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:  rdehney@mnat.com
              jditomo@mnat.com
              mtalmo@mnat.com

-and-

Michael A. Duffy
Michael C. McCutcheon
BAKER & McKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email:  michael.duffy@bakermckenzie.com
              michael.mccutcheon@bakermckenzie.com

*Attorneys for Defendants Sun Capital Partners V, LP, Sun MOD Fashions IV, LLC, Sun MOD Fashions V, LLC, and HIG Sun Partners, LLC*

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** : | **Chapter 11** |
| **LSC WIND DOWN, LLC,** *et al.*,[1] : | **Case No. 17-10124 (KBO)** |
| Debtors. : | **(Jointly Administered)** |
| **UMB BANK, N.A., as Plan Trustee of** : | |
| **The Limited Creditors' Liquidating Trust,** : | |
| Plaintiff, : | **Adversary Proceeding** |
| : | **No. 19-50272 (KBO)** |
| v. : | |
| **SUN CAPITAL PARTNERS V, LP;** : | |
| **SUN MOD FASHIONS IV, LLC;** : | |
| **SUN MOD FASHIONS V, LLC; and** : | |
| **HIG SUN PARTNERS, LLC,** : | |
| Defendants. : | |

## NON-DISCLOSURE DECLARATION

I have read the Stipulated Protective Order (the "Protective Order") in the above-captioned bankruptcy cases. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for purposes of enforcement of the Protective Order. I further agree not to disclose or use any Discovery Materials designated "Confidential" or "Attorneys' Eyes Only" (as defined in the Protective Order) for purposes other than those permitted under the Protective Order.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are LSC Wind Down, LLC f/k/a Limited Stores Company, LLC (6463); LS Wind Down, LLC f/k/a Limited Stores, LLC (0165); and TLSGC Wind Down, LLC f/k/a The Limited Stores GC, LLC (6094).

2

Name: _____

Email: _____

Address: _____

Counsel (if any): _____

Telephone: _____

Dated: _____

Signature: _____