# UNITED STATES BANKRUPTCY COURT

District of DELAWARE

In re **LSC WIND DOWN, LLC, et al.,**
Debtor

Case No. **17-10124 (KBO)**

Chapter **11**

*(Complete if issued in an adversary proceeding)*

**UMB BANK, N.A., as Plan Trustee of
The Limited Creditors' Liquidating Trust,**
Plaintiff

v.

**SUN CAPITAL PARTNERS V, LP,  SUN MOD FASHIONS IV, LLC,
SUN MOD FASHIONS V, LLC, and H.I.G. SUN PARTNERS, LLC,**
Defendant

Adv. Proc. No. **19-50272 (KBO)**

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Kenilworth Creations, Inc. by and and through its president Eric Soloff, 30 Jefferson Park Road, Warwick, RI 02888**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| 30 Jefferson Park Road, Warwick, RI 02888, or such other convenient place pursuant to the attached Stipulation and Order Concerning Protocol for Conducting Remote Depositions. | January 28, 2021, starting at 2:00 pm EST, or such other mutually agreed date and time |

The deposition will be recorded by this method:
The deposition will be taken remotely by live videoconferencing, will be recorded by stenographic means, and will be taken before a notary public or other officer duly authorized to administer oaths, pursuant to the attached Stipulation and Order Concerning Protocol for Conducting Remote Depositions.

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/12/2021

CLERK OF COURT

_____            /s/ Eric D. Madden
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

OR

The name, address, email address, and telephone number of the attorney representing *(name of party)* **UMB Bank, N.A., the Plan Trustee**, who issues or requests this subpoena, are:

Eric D. Madden, Reid Collins & Tsai LLP, 1601 Elm Street, Suite 4200, Dallas, TX 75201 Email: emadden@reidcollins.com Telephone 214-420-8901

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### Definitions

The following definitions shall apply under this subpoena:

"Kenilworth" means Kenilworth Creations, Inc., its subsidiaries, and any persons acting or purporting to act on Kenilworth's behalf, including, without limitation, its officers, directors, employees, agents, accountants, or attorneys.

"Bankruptcy Case" means the bankruptcy cases captioned as *In re LSC Wind Down, LLC, et al.*, and jointly administered under Case No. 17-10124 (KBO) in the United States Bankruptcy Court for the District of Delaware.

"Petition Date" means January 17, 2017.

"Transfer" means the transfer of $42,158,299.47 by Limited Stores, LLC to an account held in the name of Sun Capital Partners V on or about December 20, 2011.

### Matters

The following matters shall apply under this subpoena:

1. The nature, basis, and validity of any claims filed by or scheduled on behalf of Kenilworth in the Bankruptcy Case, including Claim No. 16.

2. The facts relevant to whether Kenilworth had discovered or could reasonably have discovered the existence or fraudulent nature of the Transfer prior to one year before the Petition Date.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **LSC WIND DOWN, LLC,** *et al.*,[1] | : | Case No. 17-10124 (KBO) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| **UMB BANK, N.A.,** as Plan Trustee of | : | |
| The Limited Creditors' Liquidating Trust, | : | Adversary Proceeding |
| | : | No. 19-50272 (KBO) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **SUN CAPITAL PARTNERS V, LP,** | : | |
| **SUN MOD FASHIONS IV, LLC,** | : | |
| **SUN MOD FASHIONS V, LLC,** and | : | |
| **H.I.G. SUN PARTNERS, LLC,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**STIPULATION CONCERNING PROTOCOL
FOR CONDUCTING REMOTE DEPOSITIONS**

Plaintiff and Defendants (collectively, the "Parties") jointly stipulate to the following protocol for conducting remote depositions via videoconference in the above-captioned matter, pursuant to Federal Rule of Civil Procedure 30(b)(3)(4):

1. Given the ongoing COVID-19 pandemic, depositions in this proceeding may be conducted remotely using videoconference technology. The Parties agree that these remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these depositions on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: LSC Wind Down, LLC (f/k/a Limited Stores Company, LLC) (6463); LS Wind Down, LLC (f/k/a Limited Stores, LLC) (0165); and TLSGC Wind Down, LLC (f/k/a The Limited Stores GC, LLC) (6094).

basis that the depositions was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial or hearing.

2.  The Parties agree to use Veritext Legal Solutions ("Veritext") for videoconference and court reporting services for these remote depositions. The Parties agree that Veritext employees or other representatives may attend the remote depositions to serve as court reporters, to serve as videographers, to troubleshoot any technological issues that may arise, and to administer the virtual breakout rooms.

3.  The deponent, court reporter, videographer, and counsel for the Parties shall each participate in these depositions remotely and separately. Each person participating in or otherwise attending a deposition shall be visible to all other participants, shall be audible to all participants, and shall strive to ensure that the surrounding environment is free from noise and distractions.

4.  The remote depositions shall be subject to Local Rule 7030-1, including the following prohibition in subsection (d):

> From the commencement until the conclusion of deposition questioning by an opposing party, including any recesses or continuances thereof of less than five (5) calendar days, counsel for the deponent shall not consult or confer with the deponent regarding the substance of the testimony already given or anticipated to be given, except for the purpose of conferring on whether to assert a privilege against testifying or on how to comply with a court order.

Similarly, no counsel shall initiate a private communication, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent in the remote deposition while a question is pending, except for the purpose of conferring on whether to assert a privilege against testifying or on how to comply with a court order.

5.  Further, from the commencement until the conclusion of deposition questioning by an opposing party, including any recesses or continuances thereof of less than five (5) calendar days, no deponent shall engage in a private communication, including through text message,

electronic mail, or the chat feature in the videoconferencing system, with any person regarding the substance of the testimony or matters related thereto, except as otherwise expressly provided herein.

6. During breaks in the remote deposition, the Parties may use the breakout room feature provided by Veritext, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by Veritext prior to the remote deposition and shall be controlled by Veritext during the remote deposition.

7. The remote depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3), but given the COVID-19 pandemic, the court reporter shall not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the deponent via video conference. Prior to taking the oath, the deponent shall be required to provide government-issued identification satisfactory to the court reporter, and this identification shall be visible and legible to the other participants in the remote deposition.

9. The court reporter shall stenographically record the deponent's testimony, and the court reporter's written transcript shall constitute the official record. A videographer may also record the deponent's testimony by video at the election of either party and at that party's expense. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of the court reporter's written transcript.

10. The party that noticed the remote deposition shall be responsible for procuring a written transcript and/or video record of the deposition. The other parties shall bear their own costs in obtaining a transcript and/or video record of the remote deposition.

11. The party that noticed the remote deposition shall provide Veritext with a copy of this Joint Stipulation and Order at least 72 hours in advance of the deposition.

12. The Parties agree to work collaboratively and in good faith with Veritext to assess each deponent's technological abilities and to troubleshoot any issues at least 48 in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively and in good faith to address and troubleshoot technological issues that arise during a remote deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

13. Every deponent shall endeavor to have technology sufficient to appear for a remote deposition (*e.g.*, a webcam and computer or telephone audio), and internet bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the remote deposition to ensure that the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the remote deposition. In the case of non-party witnesses, the party noticing the deposition shall supply any necessary technology that the deponent does not have.

14. The Parties agree that this Joint Stipulation and Order applies to remote depositions of non-parties under Federal Rule of Civil Procedure 45 and shall work in a collaborative and good-faith manner in attempting to schedule remote depositions of non-party witnesses. The party

noticing any non-party deposition shall provide a copy of this Joint Stipulation and Order to counsel for the non-party witness at least 7 days prior to the remote deposition.

15. The Parties agree that any of the following methods (or any combination thereof) for administering exhibits may be employed during a remote deposition:

(a) Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other party's counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel, the other party's counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package. Such documents shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

(b) Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other party's counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other party's counsel, and the court

reporter shall confirm receipt of the .zip file by electronic mail to counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel shall be mindful of file size limitations, which presumptively should be less than 50 MB.

(c) Counsel may introduce exhibits electronically during the deposition, by using the Veritext document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

16. All deponents receiving documents before or during a remote deposition, pursuant to Paragraph 14 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

17. Counsel for the Parties may keep any document or exhibit used during the remote deposition, consistent with any protective order entered in this proceeding. Counsel for the Parties shall return any documents not used during the remote deposition to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner.

18. Counsel noticing the deposition shall provide any counsel for non-party witnesses with a copy of any protective order entered in this proceeding. Counsel for non-party witnesses

may keep any document used during the deposition in accordance with any such protective order, and shall return any documents not used during the deposition to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner.

19. The requirements of this Joint Stipulation and Order may be modified with respect to a particular remote deposition upon written agreement of the Parties.

20. The Parties recognize that disputes related to this Joint Stipulation and Order, as well as other issues regarding remote depositions, may arise from time to time. Thus, the Parties agree to try to resolve those disputes in good faith before addressing them with the Court.

Stipulated to:

| | |
|---|---|
| */s/ James E. O'Neill* | */s/ Matthew O. Talmo* |
| Bradford J. Sandler (Bar No. 4142) | Robert J. Dehney (Bar No. 3578) |
| James E. O'Neill (Bar No. 4042) | John DiTomo (Bar No. 4850) |
| PACHULSKI STANG ZIEHL & JONES LLP | Matthew O. Talmo (Bar No. 6333) |
| 919 North Market Street, 17th Floor | MORRIS NICHOLS ARSHT |
| P.O. Box 8705 | & TUNNELL LLP |
| Wilmington, DE 19899 | 1201 North Market Street, Suite 1600 |
| (302) 652-4100 (T) | Wilmington, DE 19801 |
| (302) 652-4400 (F) | (302) 658-9200 (T) |
| bsandler@pszjlaw.com | (302) 658-3989 (F) |
| joneill@pszjlaw.com | rdehney@mnat.com |
| | jditomo@mnat.com |
| -and- | mtalmo@mnat.com |
| | |
| Eric D. Madden | -and- |
| Gregory S. Schwegmann | |
| Michael J. Yoder | Michael A. Duffy |
| REID COLLINS & TSAI LLP | Michael C. McCutcheon |
| 1601 Elm Street, Suite 4200 | BAKER & McKENZIE LLP |
| Dallas, TX 75201 | 300 East Randolph Street, Suite 5000 |
| (214) 420-8900 (T) | Chicago, IL 60601 |
| (214) 420-8909 (F) | (312) 861-8000 (T) |
| emadden@reidcollins.com | (312) 861-2899 (F) |
| gschwegmann@reidcollins.com | michael.duffy@bakermckenzie.com |
| myoder@reidcollins.com | michael.mccutcheon@bakermckenzie.com |
| | |
| *Counsel to UMB Bank, N.A., as Plan Trustee of The Limited Creditors' Liquidating Trust* | *Counsel to Defendants Sun Capital Partners V, LP, Sun MOD Fashions IV, LLC, Sun MOD Fashions V, LLC, and HIG Sun Partners, LLC* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **LSC WIND DOWN, LLC,** *et al.*,[1] | : | Case No. 17-10124 (KBO) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| **UMB BANK, N.A.,** as Plan Trustee of | : | |
| The Limited Creditors' Liquidating Trust, | : | Adversary Proceeding |
| | : | No. 19-50272 (KBO) |
| Plaintiff, | : | |
| | : | Re: D.I. 56 |
| v. | : | |
| | : | |
| **SUN CAPITAL PARTNERS V, LP,** | : | |
| **SUN MOD FASHIONS IV, LLC,** | : | |
| **SUN MOD FASHIONS V, LLC,** and | : | |
| **H.I.G. SUN PARTNERS, LLC,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER GRANTING STIPULATION CONCERNING
### PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS

Upon consideration of the *Stipulation Concerning Protocol for Conducting Remote Depositions* (the "Stipulation"),[2] and the Court having determined that good and adequate cause exists for approval of the Stipulation; and the Court having determined that no further or other notice of the Stipulation need be given, except as provided for herein, it is hereby ORDERED that:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: LSC Wind Down, LLC (f/k/a Limited Stores Company, LLC (6463); LS Wind Down, LLC (f/k/a Limited Stores, LLC) (0165); and TLSGC Wind Down, LLC (f/k/a The Limited Stores GC, LLC) (6094).

[2] Undefined terms used herein shall have the meanings ascribed to them in the Stipulation.

1.   The Stipulation is approved, and the terms and conditions of the Stipulation are incorporated in this Order as if fully set forth herein.

2.   The Parties are authorized to take all actions necessary or desirable to effectuate the relief granted pursuant to, and in accordance with, this Order and the Stipulation.

3.   Except as specifically set forth herein and in the Stipulation, all rights, claims and defenses of the Parties are fully preserved.

4.   The Court shall retain jurisdiction with respect to the enforcement, implementation and interpretation of the Stipulation and this Order.

*Ka B. O*

Dated: December 22nd, 2020　　　　　　　KAREN B. OWENS
Wilmington, Delaware　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE