# <u>EXHIBIT J</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **LSC WIND DOWN, LLC, et al.,**[1] | : | **Case No. 17-10124 (KBO)** |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| **UMB BANK, N.A., as Plan Trustee of** | : | |
| **The Limited Creditors' Liquidating Trust,** | : | **Adversary Proceeding** |
| | : | **No. 19-50272 (KBO)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **SUN CAPITAL PARTNERS V, LP,** | : | |
| **SUN MOD FASHIONS IV, LLC,** | : | |
| **SUN MOD FASHIONS V, LLC, and** | : | |
| **H.I.G. SUN PARTNERS, LLC,** | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF BRETT FINKELSTEIN

I, BRETT FINKELSTEIN, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am over the age of 21. I have personal knowledge of, and am competent to testify to, the matters set forth below.

2.     I serve as the Chief Executive Officer of One Stop Facilities Maintenance Corp. ("One Stop"), which is located at 89 Market Street, Newark, NJ 07102. I have served in this capacity since founding One Stop more than 14 years ago.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  LSC Wind Down, LLC (f/k/a Limited Stores Company, LLC) (6463); LS Wind Down, LLC (f/k/a Limited Stores, LLC) (0165); and TLSGC Wind Down, LLC (f/k/a The Limited Stores GC, LLC) (6094).

1

3.      I submit this declaration as One Stop's authorized representative in support of the

*Trustee's Motion for Partial Summary Judgment* in this adversary proceeding.

### One Stop's Claim in the Bankruptcy Case

4.      From approximately 2006 through 2016, One Stop provided janitorial services to

Limited Stores, LLC ("Limited Stores") at many of its retail locations around the country.  One

Stop submitted invoices for such services to Limited Stores on a periodic basis, and Limited Stores

paid those invoices in a timely manner until late 2016.

5.      As of January 17, 2017, when it commenced the above-captioned bankruptcy case,

Limited Stores owed $37,136.74 to One Stop with respect to unpaid invoices for janitorial services

rendered to Limited Stores.  Accordingly, One Stop—acting through its attorney, Jonathan

Pasternak—filed the attached proof of claim (the "Proof of Claim") in the Bankruptcy Case,

asserting a non-priority, unsecured claim for $37,136.74 (the "Claim") and attaching a statement

listing the unpaid invoices for janitorial services rendered to Limited Stores.  The information

contained in the Proof of Claim, including the amount, basis, and nature of the Claim, is true and

correct to the best of my knowledge.

6.      One Stop has not received any payment on the Claim.  One Stop is not aware of

any pending objection to the Claim that has been filed in the bankruptcy case.

### One Stop's Discovery of the Transfer in the Adversary Proceeding

7.      One Stop understands that this adversary proceeding relates to an alleged transfer

of $42,158,299.47 from Limited Stores to Sun Capital Partners V, LP on or about December 20,

2011 (the "Transfer").  One Stop further understands that the Transfer was allegedly described as

a "dividend" or "distribution" payment by Limited Stores.

A839

8.      One Stop did not discover the existence of the Transfer, any dividend payment, or distribution payment by Limited Stores until after January 17, 2016. One Stop first learned about the Transfer in 2020, when One Stop's counsel was contacted by plaintiff's counsel about potentially testifying in this adversary proceeding.

9.      One Stop could not have reasonably discovered the existence of the Transfer, any dividend payment, or distribution payment by Limited Stores until after January 17, 2016. Prior to the commencement of the above-captioned bankruptcy case, One Stop did not have access to any of the following information for Limited Stores: (a) financial statements and/or other financial reporting; (b) bank statements and/or bank records; (c) board minutes and/or board presentations; (d) written consents signed by its managers and/or members; (e) communications among its managers and/or members; or (e) any other documents or information revealing the existence of the Transfer, any dividend payment, or distribution payment by Limited Stores. Nor did One Stop have any contractual or other legal right to receive any of this information from Limited Stores to the best of my knowledge. Finally, One Stop did not have any reason to request any of this information because Limited Stores paid One Stop's invoices in a timely manner until late 2016.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this _1_ day of February __, 2021.

Brett Finkelstein

3

A840

**Fill in this information to identify the case:**

Debtor 1  The Limited Stores Company, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of Delaware

Case number  17-10124 (KJC)

RECEIVED
2017 JAN 24  PM 12: 37
US BANKRUPTCY COURT/DRC

RECEI
2017 JAN 24  P.
S BANKRUPTCY CO

USBC DISTRICT OF DELAWARE
LIMITED STORES COMPANY, LLC ET AL
CHAPTER 11 CASE NO. 17-10124 (KJC)
CLAIM NUMBER:    00006

8 8 8 3

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

One Stop Facilities Maintenance Corp.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

DelBello Donnellan Weingarten, et als
Name

One North Lexington Ave, 11th Floor
Number    Street

White Plains        NY        10601
City        State        ZIP Code

Contact phone  914-681-0200

Contact email  JSP@ddw-law.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City                State            ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

7. **How much is the claim?**    $ _____ 37,136.74 . **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Services Rendered _____

9. **Is all or part of the claim secured?**
☑ No
☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate (when case was filed)** _____%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $ _____

11. **Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

A842    UMB_0000002

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. *Check one:*

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01/23/2017
                   MM / DD / YYYY

/s/ Jonathan S. Pasternak, Esq.
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Jonathan S. Pasternak | | |
| | First name | Middle name | Last name |
| Title | Partner | | |
| Company | DelBello Donnellan Weingarten Wise & Wiederkehr, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | One North Lexington Avenue, 11th Floor | | |
| | Number        Street | | |
| | White Plains | NY | 10601 |
| | City | State    ZIP Code | |
| Contact phone | 914-681-0200 | Email  JSP@ddw-law.com | |

A843      UMB_0000003

One Stop Facilities Maintenance Corp.

275 Madison Avenue
6th Floor, Suite #603

# Statement

| Date |
|---|
| 1/23/2017 |

| To: |
|---|
| The Limited<br>503 Broadway<br>New York, NY 10012<br>Attn: Accounts Payable |

| | | Amount Due | Amount Enc. |
|---|---|---|---|
| | | USD 37,136.74 | |
| **Date** | **Transaction** | **Amount** | **Balance** |
| 06/16/2016 | INV #68546077. Orig. Amount USD 5,500.00. LA., Baton Rouge | 2,000.00 | 2,000.00 |
| 10/10/2016 | INV #73572971. Orig. Amount USD 500.00. NC., Raleigh | 500.00 | 2,500.00 |
| 10/17/2016 | INV #74072245. Orig. Amount USD 2,348.55. CT., Farmington | 2,348.55 | 4,848.55 |
| 10/18/2016 | INV #74053406. Orig. Amount USD 2,808.50. FL., Orlando | 2,808.50 | 7,657.05 |
| 10/25/2016 | INV #73585086. Orig. Amount USD 1,590.00. IN., Indianapolis | 1,590.00 | 9,247.05 |
| 10/28/2016 | INV #75091277. Orig. Amount USD 466.67. FL., Jacksonville | 466.67 | 9,713.72 |
| 10/28/2016 | INV #75436580. Orig. Amount USD 300.00. MO., Chesterfield | 300.00 | 10,013.72 |
| 10/28/2016 | INV #75361065. Orig. Amount USD 478.57. MN., Bloomington | 478.57 | 10,492.29 |
| 10/30/2016 | INV #75067583. Orig. Amount USD 886.67. MA., Braintree | 886.67 | 11,378.96 |
| 11/01/2016 | INV #69940010. Orig. Amount USD 1,000.00. MN., Bloomington | 1,000.00 | 12,378.96 |
| 11/03/2016 | INV #75895407. Orig. Amount USD 645.00. KY., Paducah | 645.00 | 13,023.96 |
| 12/21/2016 | INV #76260161. Orig. Amount USD 5,363.53. CA., Redondo Beach | 5,363.53 | 18,387.49 |
| 12/24/2016 | INV #77167096. Orig. Amount USD 495.00. UT., Salt Lake City | 495.00 | 18,882.49 |
| 12/28/2016 | INV #75000083. Orig. Amount USD 875.50. KY., Crestview Hills | 875.50 | 19,757.99 |
| 12/29/2016 | INV #77687079. Orig. Amount USD 2,358.33. LA., Metairie | 2,358.33 | 22,116.32 |
| 12/30/2016 | INV #76336878. Orig. Amount USD 395.00. CT., Trumbull | 395.00 | 22,511.32 |
| 12/31/2016 | INV #77797820. Orig. Amount USD 460.00. MO., Chesterfield | 460.00 | 22,971.32 |
| 01/06/2017 | INV #76924457. Orig. Amount USD 433.00. MO., St. Louis | 433.00 | 23,404.32 |
| 01/08/2017 | INV #76736776. Orig. Amount USD 495.00. TN., Chattanooga | 495.00 | 23,899.32 |
| 01/09/2017 | INV #74745926. Orig. Amount USD 2,250.00. CA., Glendale | 2,250.00 | 26,149.32 |
| 01/09/2017 | INV #75700011. Orig. Amount USD 395.00. MA., Marlborough | 395.00 | 26,544.32 |
| 01/09/2017 | INV #75700059. Orig. Amount USD 395.00. IL., Aurora | 395.00 | 26,939.32 |
| 01/09/2017 | INV #75700106. Orig. Amount USD 395.00. MI., Grand Rapids | 395.00 | 27,334.32 |
| 01/09/2017 | INV #75700215. Orig. Amount USD 395.00. WI., Madison | 395.00 | 27,729.32 |
| 01/09/2017 | INV #74026009. Orig. Amount USD 395.00. WI., Wauwatosa | 395.00 | 28,124.32 |
| 01/09/2017 | INV #72653461. Orig. Amount USD 395.00. WI., Brookfield | 395.00 | 28,519.32 |
| 01/09/2017 | INV #76960233. Orig. Amount USD 1,687.67. FL., Tampa | 1,687.67 | 30,206.99 |
| 01/09/2017 | INV #75540047. Orig. Amount USD 295.00. MN., Bloomington | 295.00 | 30,501.99 |
| 01/09/2017 | INV #73152204. Orig. Amount USD 6,239.47. MN., Minnetonka | 6,239.47 | 36,741.46 |
| 01/11/2017 | INV #71885387. Orig. Amount USD 395.28. WA., Lynwood | 395.28 | 37,136.74 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 18,749.25 | 5,363.53 | 5,366.91 | 5,657.05 | 2,000.00 | USD 37,136.74 |

# DELBELLO DONNELLAN WEINGARTEN
## WISE & WIEDERKEHR, LLP

**Jonathan S. Pasternak**
**Partner**
(914) 607-3156
jpasternak@ddw-law.com

COUNSELLORS AT LAW

THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601

(914) 681-0200
FACSIMILE (914) 684-0288

Connecticut Office
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 298-0000

January 23, 2017

***Via Federal Express Delivery***
Donlin, Recano & Co., Inc.
Attn: Lillian Jordan
6201 15th Avenue
Brooklyn, New York 11219

> RE:   **The Limited Stores Company, LLC, Chapter 11 Debtor**
> **U.S. Bankruptcy Court District of Delaware**
> **Case No. 17-10124-KJC**

Dear Ms. Jordan:

This firm represents One Stop Facilities Maintenance Corp., a creditor in the above-referenced matter. Pursuant to your instructions I have enclosed our client's Proof of Claim, with Exhibit for filing. Please let me know if there is anything else you need to file the Claim.

Thank you again for your assistance in this matter.

Very truly yours,

Linda-carol Barry
Paralegal to Jonathan S. Pasternak

1481254
70153270-002

A845    UMB_0000005



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.