## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **LSC WIND DOWN, LLC,** *et al.*, [1] | : | **Case No. 17-10124 (CTG)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| **UMB BANK, N.A., as Plan Trustee of** | : | |
| **The Limited Creditors' Liquidating Trust,** | : | |
| | : | |
| Plaintiff, | : | **Adversary Proceeding** |
| | : | **No. 19-50272 (CTG)** |
| v. | : | |
| | : | |
| **SUN CAPITAL PARTNERS V, LP;** | : | |
| **SUN MOD FASHIONS IV, LLC;** | : | |
| **SUN MOD FASHIONS V, LLC; and** | : | |
| **HIG SUN PARTNERS, LLC,** | : | |
| | : | |
| Defendants. | : | |

### STIPULATED FOURTH AMENDED SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding, the following amended schedule shall apply to this proceeding:

**IT IS HEREBY ORDERED** that:

1.    <u>Non-Expert Discovery.</u>  All non-expert discovery (*i.e.*, fact discovery) shall be completed by **September 17, 2021**, with such discovery to proceed as follows:

a.    Document productions by the parties and non-parties shall be substantially completed by **January 15, 2021**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are LSC Wind Down, LLC f/k/a Limited Stores Company, LLC (6463); LS Wind Down, LLC f/k/a Limited Stores, LLC (0165); and TLSGC Wind Down, LLC f/k/a The Limited Stores GC, LLC (6094).

b.　　　Depositions of parties and non-parties shall be completed by **September 17, 2021**.  Not including expert depositions, there shall be a maximum of 15 depositions by the Plaintiff and 15 depositions by the Defendants. Each deposition shall be limited to a maximum of seven (7) hours, unless extended by agreement of the parties. The parties, however, shall have the right to request additional depositions and/or extensions of their duration for good cause shown under Fed. R. Civ. P. 30(a)(2) and 30(d), as made applicable herein by Fed. R. Bankr. P. 7030.

2.　　　<u>Rule 26(a)(2) Expert Disclosures.</u>  The parties shall serve the expert disclosures required by Fed. R. Civ. P. 26(a)(2), as made applicable herein by Fed. R. Bankr. P. 7026, no later than **October 1, 2021**.  With respect to any evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party in its expert disclosures, the parties shall serve the expert disclosures required by Fed. R. Civ. P. 26(a)(2), as made applicable herein by Fed. R. Bankr. P. 7026, no later than **October 29, 2021**.

3.　　　<u>Expert Discovery.</u>  All expert discovery shall be completed by **November 26, 2021,** with such discovery to proceed as follows:

a.　　　Depositions of expert witnesses shall be completed by **November 26, 2021**. Each deposition shall be limited to seven (7) hours, unless extended by agreement of the parties.  The parties, however, shall have the right to request extensions of deposition duration for good cause shown under Fed. R. Civ. P. 30(a)(2) and 30(d), as made applicable herein by Fed. R. Bankr. P. 7030.

2

      b.      Challenges or objections to expert testimony shall be filed and served no later than **December 17, 2021**.

4.      <u>Joint Status Report.</u>  No later than **July 28, 2021**, the parties shall file a joint status report on the nature of the matters at issue and the progress of discovery to date.

5.      <u>Status Conference.</u>  On **August 4, 2021, beginning at 10:00 a.m.**, the Court shall hold a telephonic status conference with counsel for the parties pursuant to Fed. R. Civ. P. 16(a), (b), and (c), as made applicable herein by Fed. R. Bankr. P. 7016, to discuss the nature of the matters at issue and the progress of discovery to date.  If the parties agree that there is nothing to report, nor anything to add to the joint status report, they may so notify the Court in writing before the conference is scheduled to occur, and the conference shall be taken off of the Court's calendar.

6.      <u>Motion to Withdraw Reference.</u>  All motions to withdraw the reference, including any such motion based on a demand for a jury trial in the district court, shall be filed and served no later than **August 4, 2021**.  All responses to such motions shall be filed and served no later than **September 3, 2021**.  All replies in support of such motions shall be filed and served no later than **September 17, 2021**.

7.      <u>Dispositive Motions.</u>  All dispositive motions, including opening briefs and supporting documents, shall be filed and served no later than **November 26, 2021**.  All responses to dispositive motions, including answering briefs and supporting documents, shall be filed and served no later than **December 24, 2021**.  All replies in support of dispositive motions, including reply briefs and supporting documents, shall be filed and served no later than **January 7, 2022**.

8.      <u>Pretrial Order.</u>  No later than three (3) business days prior to the date set for the pretrial conference, the parties shall file, and simultaneously deliver to the Court two copies, of a proposed joint pretrial order, stating: (a) the nature of the case, including claims of the parties; (b)

the basis of Court's jurisdiction; (c) the stipulated facts; (d) the disputed facts; (e) the issues of law to be decided by the Court; (f) the names and addresses of witnesses, including expert witnesses, whose testimony the parties expect to offer at trial; (g) the deposition testimony that the parties expect to offer at trial; (h) a list of pre-marked exhibits, including written discovery and responses, which each party intends to offer at trial with a specification of those exhibits which will be admitted in evidence without objection, and those exhibits which will be objected to and the Federal Rule of Evidence supporting or opposing such objection; (i) a statement of what each party intends to prove in support of its claims or its defenses at trial; (j) a statement of the damages claimed or relief sought; (k) any motions in limine; (l) the probable length of trial; and (m) any other matters relevant to the trial of this proceeding. In addition, pursuant to Local Rule 7016-2(d)(xv), the concluding paragraph of the proposed joint pretrial order shall read: "This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice."

9.      Pretrial Conference.  On **January 20, 2022, beginning at 10:00 a.m.**, the Court shall hold a final pretrial conference with counsel for the parties.  Unless otherwise ordered by the Court, the parties should assume that filing the joint pretrial order satisfied the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3), as made applicable herein by Fed. R. Bankr. P. 7026(a)(3).

10.     Pretrial Briefs and Trial Date.  This adversary proceeding is scheduled for a 5-day trial on **February 4, 2022, beginning at 10:00 a.m.**, or as soon thereafter as the Court's calendar permits.  The parties may file pretrial briefs with the Court no later than fourteen (14) days prior to trial.

11.  <u>Modification of Order</u>.  The deadlines set forth in this Scheduling Order may be extended or otherwise modified by: (a) written agreement of the parties without further order of the Court; or (b) by the Court for good cause shown.

12.  <u>Mediation</u>.  No later than **November 30, 2020**, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.  On or before **April 30, 2021**, the mediator shall either (a) file the mediators certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

13.  The Plaintiff shall immediately notify Chambers upon the settlement, dismissal, or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as thereafter as is feasible. Moreover, Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the pretrial conference and/or trial setting.

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: May 24th, 2021**
**Wilmington, Delaware**

5