## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LSC WIND DOWN, LLC, *et al.,* | Case No. 17-10124 (CTG) |
| Debtors. | Jointly Administered |
| UMB BANK, N.A., as Plan Trustee of the Limited Creditors' Liquidating Trust, | Adversary Proceeding |
| Plaintiff, | No. 19-50272 (CTG) |
| v. | |
| SUN CAPITAL PARTNERS V, LP; SUN MOD FASHIONS IV, LLC; SUN MOD FASHIONS V, LLC; and HIG SUN PARTNERS, LLC, | **Related Docket No. 69** |
| Defendants. | |

## PRELIMINARY OBSERVATIONS ON PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

This is a fraudulent conveyance action brought by a plan trustee arising out of

a $42 million dividend paid in 2011 by the debtors to its private equity sponsor.[1]

Defendants previously moved to dismiss on statute of limitations grounds.   This

Court denied that motion.  D.I. 17.  The trustee now seeks partial summary judgment,

arguing that the existing record shows that the statute of limitations defense is

unavailable.  A hearing on that motion is set for argument on July 14, 2021 at 1:00

---

[1] Plaintiff UMB Bank, N.A., in its capacity as plan trustee, is referred to as "plaintiff" or "trustee."  The above-captioned defendants are referred to as "defendants" or "Sun Capital." The above-captioned debtors are referred to herein as "debtors."

p.m.  To assist the parties in preparing for that hearing, the Court offers its preliminary observations about the pending motion.  The Court emphasizes that these reactions are preliminary and that the parties will be afforded the opportunity to persuade the Court that any (or all) of these reactions is incorrect.

### Factual and Procedural Background

This fraudulent conveyance action arises out of a dividend paid in December 2011 by the debtors, which owned the fashion chain known as The Limited, to Sun Capital, their private equity sponsor.  The dispute now before the Court concerns Defendants' statute-of-limitations defense.  The debtors filed for bankruptcy on January 17, 2017, more than five years after the dividend was paid.  The trustee's complaint was filed on January 17, 2019, exactly two years after the petition date.

As Judge Owens explained in denying the motion to dismiss, Section 544(b)(1) of the Bankruptcy Code, which grants the trustee the so-called strong-arm power, allows a trustee to pursue an avoidance action that could have been brought, under applicable state law, by any creditor on the day the bankruptcy was filed.  D.I. 17 at 6.  The applicable state statute of limitations thus creates a "look-back" period.  The "trustee in bankruptcy [is] … not restrained by the original state statute of limitations."[2]  As "long as the bankruptcy case was filed before the state statute expired[,] the trustee would have the full time to file an avoidance action allowed by § 546(a)," *id.*, which in this case is until two years after the petition date – the day this lawsuit was filed.  *See also* D.I. 17 at 5-6.

---

[2] *See also* Charles Jordan Tabb, *The Law of Bankruptcy* 485 (4th ed. 2016).

Since the time of Judge Owen's ruling, the parties have engaged in certain discovery. In the pending motion for partial summary judgment, the trustee argues that the existing summary judgment record shows that three creditors who held claims as of the petition date lacked knowledge of the transfer until the bankruptcy petition was filed. D.I. 70 at 5-10. The trustee argues that this knowledge is sufficient to defeat the argument that the transfer fell outside the look-back period, because of the "discovery rule" or "savings clause" set out in the Uniform Fraudulent Transfer Act. As codified in Florida law, this provision states that a "cause of action with respect to a fraudulent transfer … is extinguished unless action is brought … within 4 years after the transfer was made or the obligation was incurred *or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant*." Fla. Stat. § 726.110 (emphasis added).

In opposing the trustee's partial summary judgment motion, Sun Capital makes two principal arguments. *First*, it contends that, because the trustee does not argue that the existing summary judgment record suffices to demonstrate that the dividend was paid with the actual intent to hinder, delay or defraud creditors, which is an element of the trustee's claim  it would be premature to consider the trustee's summary judgment motion, which asserts that Sun Capital's affirmative defense is unavailable. Sun Capital contends that it would be more appropriate to defer consideration of the partial summary judgment motion until the close of discovery, when all the issues in the case can be considered together, presumably on cross-motions for summary judgment.

*Second*, Sun Capital contends that the trustee is wrong to assume that Florida law applies to this transaction.  Sun Capital argues that this dispute is governed by Ohio law, rather than by Florida law.  There is no dispute that Ohio law, like Florida law, contains a "savings clause" that permits a claim for actual fraud to be pursued by a creditor who did not or could not reasonably have known of the transfer at the time, so long as the action is brought within one year of the discovery.[3]  Sun Capital argues, however, that under Ohio law, the "discovery rule" applies only to those creditors who held claims against the debtor as of the time of the transaction being challenged – not those who became creditors of the debtor *after* the challenged transaction.  Otherwise put, Sun Capital contends that under Ohio law, the "discovery rule" does not apply to future creditors.

In its reply brief, the trustee for the first time provided declarations and evidence that the trustee claims support its contention that Florida is the jurisdiction with the "most significant relationship" to the transaction at issue, such that the statute of limitations issue should be governed by Florida law rather than Ohio law.  The trustee also provides evidence, submitted at the time of its reply brief, that, it contends, suggests that the "predicate creditors" in fact held claims at the time of the transaction, which it argues would be sufficient to overcome the statute-of-limitations defense even under Ohio law.

---

[3] In the Section 544(b) context, that means that the claim is timely so long as the bankruptcy case was filed no later than one year after the time at which the creditor actually learned, or could reasonably have learned, of the transfer.

## Preliminary Observations

In response to the foregoing, the Court offers the following by way of preliminary observations.

*First*, in an ordinary civil case, a motion for summary judgment may generally be filed "at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).[4]  In adversary proceedings in bankruptcy, "any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought."  Fed. R. Bankr. P. 7056. Neither Rule 56(f) nor Rule 7056 requires that a party wait until the close of discovery, or until any other specified time, to file a motion for summary judgment.

*Second*, the burden is on the moving party.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The party asserting that there is a genuine dispute of material fact must support that assertion by 'citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials.'"[5]

*Third,* because "summary judgment can be supported or defeated by citing a developed record, courts must give the parties adequate time for discovery."[6]  The

---

[4] Rule 56 of the Federal Rules of Civil Procedure is made applicable in this adversary proceeding by Fed. R. Bankr. P. 7056.

[5] *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 772 (3d Cir. 2013) (citing Fed. R. Civ. P. 56(c)(1)(A), ellipses omitted).

[6] *Id.* (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).

rules set forth a procedure that the non-moving party must follow when it requires further discovery to respond to a summary judgment motion. Specifically, the non-moving party either must (1) identify record material indicating that a material fact is subject to genuine dispute (or that the opposing party cannot produce admissible evidence to establish the fact in question), *see* Fed. R. Civ. P. 56(c)(1); or (2) if the non-moving party needs additional discovery in order to respond to the motion, it must submit an "affidavit or declaration [showing] that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d). If the non-moving party makes the showing required by Rule 56(d), the court "may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*[7]

1. **The rules allow the trustee to move for partial summary judgment on Sun Capital's affirmative defense before the trustee's prima facie case is established.**

Sun Capital first argues that the trustee's partial summary judgment motion is procedurally improper. It argues that it is premature for the trustee to move for partial summary judgment to eliminate an affirmative defense, until the trustee makes out its prima facie case on liability. The "savings clause" that extends the look-back period in cases in which a transfer was not and could not have reasonably been discovered applies only in cases of "actual fraud." Sun Capital thus argues that there is no occasion for the Court to consider the validity of any affirmative defense

---

[7] *See generally Shelton v. Bledsoe*, 775 F.3d 554, 566-568 (3d Cir. 2015) (setting out procedure for seeking additional discovery by filing a declaration or affidavit under Rule 56(d)).

unless and until the Trustee shows that the transfer in question was made for the purpose of hindering, delaying, or defrauding creditors.  D.I. 78 at 8-11.

The Court's preliminary view is that this procedural objection is incorrect.  As the trustee explains in its reply brief, D.I. 82 at 5, Rule 56(a) states that a party may seek summary judgment on a "claim or defense" or a "part of [a] claim or defense," making clear that the drafters of the Rules contemplated summary judgment on an affirmative defense.  Fed. R. Civ. P. 56(a).  Moreover, the Advisory Committee Notes to the 2010 amendments to Rule 56 indicate that the 2010 amendments intended to "make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense."[8]  In addition, while Wright and Miller describe it as an "interesting question," they conclude that a court may, under Rule 56(g), enter an order that removes an affirmative defense from a case.  "Although a few early courts ruled that a partial summary judgment was not available because a Rule 12(f) motion to strike was the proper procedure, the better approach is to allow Rule 56(g) to be utilized."  10B Fed. Prac. & Proc. Civ. § 2737 (4th ed. 2021).[9]  Subject to being persuaded that this analysis is incorrect, the Court's preliminary view is that the trustee may seek partial summary judgment that would remove the affirmative defense of "untimeliness" from the case.

---

[8] Fed. R. Civ. P. 56(a), Advisory Committee note to 2010 amendment.

[9] *See also Lego v. Best-Lock Construction Toys Inc.*, 404 F. Supp.3d 583, 626 (D. Conn. 2019) (employing Rule 56(g) to grant partial summary judgment holding that an affirmative defense was unavailable).

**2.    The trustee did not point to record evidence showing that Florida law applies until the reply brief, which would ordinarily lead the Court to offer Sun Capital a further opportunity to respond.**

As noted above, the Rules of Civil Procedure contemplate that summary judgment operates through a series of shifting burdens. In the first instance, the burden is on the moving party to show the absence of a genuine dispute on an issue of material fact related to the claim or defense at issue. With its opening brief, the trustee submitted documents and testimony that purport to show that three predicate creditors did not have knowledge of the $42 million dividend until after the bankruptcy case was filed. That would appear, under the savings provision applicable under Florida law, to be sufficient to overcome a statute of limitations defense.

In response, Sun Capital took issue with the trustee's assumption that Florida law applies. Sun Capital argued that the evidence submitted by the trustee in support of its motion failed to provide evidence sufficient to conclude that Florida law, rather than Ohio law, applies. Sun Capital further argued that, under Ohio law, the "savings clause" is not available to those creditors who did not themselves hold claims against the debtor either at the time, or within four years, of the transaction. D.I. 78 at 12 (citing ORC Ann. § 1336.04(b)).

The choice-of-law question appears to turn on a factual question: which jurisdiction has the most significant relationship to the transaction. *See Mervyn's LLC v. Lubert-Adler Group IV, LLC*, 426 B.R. 488, 496 n.6 (Bankr. D. Del. 2010). As Sun Capital noted, D.I. 78 at 14, the trustee's opening brief did not identify evidence

necessary to resolve that choice-of-law question. Facts necessary to establish which law is applicable are treated, at summary judgment, like any other fact that is part of establishing a party's claim or defense. *See Toll v. Tannenbaum*, 982 F. Supp.2d 541, 549-553 & n.6 (E.D. Pa. 2013). It would therefore appear that the trustee's failure to establish these facts as part of its motion would be a sufficient basis to deny its motion.

In its reply, the trustee faulted Sun Capital for failing to come forward with an affidavit or declaration showing why more discovery is necessary, as is ordinarily required under Rule 56(d). And while it is true that Sun Capital would be required to submit a Rule 56(d) affidavit if it were contending that it required additional discovery to rebut a factual showing by the trustee that Florida law is applicable, such an affidavit is not required in order to argue that the evidence submitted by the trustee is insufficient to show that Florida law applies in the first place. *See* Fed. R. Civ. P. 56(c)(1)(B) (allowing a party to defeat summary judgment by "showing that the materials cited do not establish the absence … of a genuine dispute").

The trustee's reply also made two factual arguments: (i) that two of the predicate creditors were creditors at and/or within four years of the transfer, in which case the savings clause would apply even under Ohio law, D.I. 82 at 12-13; and (ii) that Florida, in any event, has the most significant relationship to the transactions, D.I. 82 at 13-14, such that Florida law ought to apply.

Most of the evidence to which the trustee cites, however, is provided for the first time as exhibits to its reply brief – and was not cited in support of the partial

summary judgment itself. That matters, because (as described above) under the shifting burdens established by Rule 56, a party opposing summary judgment is entitled to respond to a motion by either pointing to evidence in the record that shows a disputed issue of fact, or an affidavit or declaration identifying the discovery they need to take in order to be in a position to respond to the motion. When the evidence is cited for the first time in a reply brief, the non-moving party is denied that opportunity. Accordingly, the Court is of the view that granting partial summary judgment to the trustee in reliance on evidence to which the trustee pointed, for the first time, in its reply brief in support of summary judgment would be unfair to Sun Capital because doing so would effectively deprive Sun Capital of the rights to which it is entitled under Rule 56.[10]

> **3. The Court is interested in understanding whether conducting further proceedings on the trustee's motion for partial summary judgment would have the effect of streamlining the remaining discovery in this case.**

In view of the foregoing, the Court believes (subject to the right of either party to persuade the Court that the preceding analysis is incorrect) that it could treat the reply brief and supporting materials as part of the original motion for partial summary judgment, and provide Sun Capital with an opportunity to present evidence

---

[10] *See generally In re Catholic Diocese of Wilmington, Inc.*, 437 B.R. 488, 492 n.19 (Bankr. D. Del. July, 21, 2010) (arguments raised for the first time in a reply brief are waived); *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief"); *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) ("A moving party may not raise new issues . . . in a reply brief that it should have raised in its initial brief. The reason for not considering new bases for relief raised for the first time in a reply brief is self-evident: No sur-reply is permitted, so the opponent has no opportunity to address the new defense") (internal citations omitted)).

that shows a disputed issue of material fact, or a Rule 56(d) declaration explaining why it is unable to do so without further discovery.[11]  Alternatively, the Court believes it would also have the discretion to disregard the factual assertions made for the first time in the reply brief and consider only those materials provided in connection with the motion.[12]

To inform which of these approaches the Court's should take, the Court asks that the parties be prepared to explain at the hearing whether and how further proceedings on the trustee's motion for partial summary judgment, if the Court were to direct Sun Capital to file a sur-reply, would (or would not) streamline the discovery process or otherwise generate efficiencies for the parties.  For example, if granting partial summary judgment would eliminate witnesses or disputes in a way that might operate to streamline the case and reduce litigation costs, those factors would counsel in favor of allowing further proceedings on the trustee's motion for partial summary judgment.  In that respect, the Court notes that Sun Capital argued, D.I. 78 at 15-16, that the same witnesses will need to be deposed whether or not partial summary judgment is granted.  The trustee's reply, D.I. 82, did not respond directly to that assertion.  If Sun Capital is right about that, the Court sees little practical benefit in directing Sun Capital to respond to factual assertions made in the trustee's reply and then considering whether partial summary judgment should be granted.  If further

---

[11] *See generally Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (noting the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (same).

[12] *See supra*, n.10 and cases cited therein.

proceedings on the motion for partial summary judgment will not reduce the burden and expense of the litigation, it seems more efficient simply to allow the parties to complete the discovery and consider all of the issues on cross-motions for summary judgment (to the extent they are filed) at that time.  By contrast, if considering a partial motion for summary judgment might materially reduce the scope of the remaining discovery, that would counsel in favor of directing Sun Capital to respond to the new evidence submitted by the trustee in its reply brief and then considering the motion on the merits.

* * *

The Court emphasizes that these preliminary reactions to the parties' briefs are just that, and that the Court remains open to any argument the parties wish to advance that the views tentatively expressed herein are incorrect.  The Court hopes that by providing these initial reactions, the parties will be able to better prepare for the July 14 argument with an appreciation of the Court's initial reactions to the arguments presented in the briefs.

Dated: June 21, 2021